IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELANIE C. LATRONICA,

        Plaintiff,                No. 2:12-cv-1592-KJM-EFB PS

     vs.

BARACK HASAN OBAMA;
CONTRA COSTA COUNTY,

        Defendants.         ORDER
_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

       Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, it is unclear from plaintiff's complaint precisely what she is alleging and/or what relief she is seeking from the court. *See* Dckt. No. 1. Plaintiff contends that she is a "victim of cybernetics" and that she does not "want [her] family destroyed by faulty FBI misconduct because of technology, sim cards (chips) . . . . There's subliminal messaging, visual perception, brain implants, spinal implants [through] the bellly button and down the throat, the cerebral cortex and neoro chip." *Id.* at 2-3. Plaintiff also contends that "[w]hen trying to get a hold of the FBI about mass misconduct, [her] phone line has always been intercepted and [she] couldn't get through to anyone, and that also includes [her] mail." *Id.* at 4.

Plaintiff appears to be alleging that defendants conspired to "use internal technology" to deprive her of her constitutional rights, in violation of 18 U.S.C. §§ 241 and 242. However, §§ 241 and 242 are criminal conspiracy statutes which do not provide a private civil right of action. Moreover, nothing in plaintiff's complaint establishes that defendants engaged in an conspiracy to violated plaintiff's rights. Additionally, although plaintiff vaguely references 18 U.S.C. §§ 1001, 1581, 1801, and 2340 in her complaint, *id.* at 2 and 5, those criminal statutes also do not create a private civil right of action. To the extent plaintiff is purporting to state a claim under the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801 *et seq*.,

////

////

1  which does create a private right of action for claims of illegal surveillance,[1] such a claim fails
2  because plaintiff has not alleged any facts in support of that cause of action, nor has she alleged
3  how she suffered any injury as a result of conduct by the named defendants.[2]

4        Because plaintiff's complaint does not allege any cognizable claims, the complaint will
5  be dismissed.  However, plaintiff is granted leave to file an amended complaint, if she can allege
6  a cognizable legal theory and sufficient facts in support of that cognizable legal theory and if she
7  can establish that venue is proper in this district.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th
8  Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to
9  correct any deficiency in their complaints).

10       Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each
11 limited as far as practicable to a single set of circumstances," as required by Federal Rule of
12 Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the
13 left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any
14 amended complaint shall also use clear headings to delineate each claim alleged and against
15 which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
16 clear facts that support each claim under each header.

17       Plaintiff is informed that the court cannot refer to prior pleadings in order to make an
18 amended complaint complete.  Local Rule 220 requires that an amended complaint be complete
19 in itself.  This is because, as a general rule, an amended complaint supersedes the original
20 complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files
21 an amended complaint, the original no longer serves any function in the case.  Therefore, "a
22 plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

---

[1] Plaintiff also has not stated a claim under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510 *et seq*., or the Stored Communications Act ("SCA"), 18 U.S.C. § 2710 *et seq*., which also create private rights of action for claims of illegal surveillance.

[2] Nor is it clear why venue would be proper in this district.

4

amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: June 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE